IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY JOSEPH LAURIC, Executor of the Estate of JERRY LEON LAURIC, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | NO.  18-5978 |
| v. | ) ) | Judge: |
| UNITED STATES OF AMERICA, | ) ) | Magistrate Judge: |
| Defendant. | ) | Plaintiff Demands Trial by Jury |

**COMPLAINT AT LAW**

Plaintiff, JEFFREY JOSEPH LAURIC, Executor of the Estate of JERRY LEON LAURIC, Deceased, complaining of Defendant, UNITED STATES OF AMERICA ("UNITED STATES"), states:

**PARTIES, JURISDICTION AND VENUE**

1. This medical negligence action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680 and is brought in connection with medical care provided to Plaintiff's decedent, JERRY LEON LAURIC, while a patient at the Edward Hines, Jr., VA Hospital (referred to herein as "Hines VA"), located in Hines, Illinois.

2. This matter has been brought against Defendant, UNITED STATES, for money damages as compensation for the wrongful death of Plaintiff's Decedent, JERRY LEON LAURIC, while a patient at Hines VA, a hospital operated, managed, maintained, and controlled by Defendant, UNITED STATES, through its agency, the Department of Veterans Affairs, and therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1346(b)(1).

3. Plaintiff's venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1402(b)

1

because the acts complained of herein occurred within the Northern District of Illinois.

4. A Standard Form 95 was timely and properly filed with the United States Department of Veteran's Affairs on July 17, 2017 (See Exhibit A). The agency has not taken final action.

### CLAIM OF WRONGFUL DEATH – MEDICAL NEGLIGENCE

1. From approximately 2007 through April 8, 2016, the date of Plaintiff's decedent's death, Plaintiff's decedent, JERRY LEON LAURIC, sought professional medical care and treatment from Hines VA, a hospital and/or medical center staffed by agents of Defendant, UNITED STATES, including physicians, physician assistants, residents, nurses and other medical and paramedical personnel, for, among other things, polycystic kidney disease,

2. At all relevant times herein, the physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, who provided professional medical care and treatment to Plaintiff's decedent, JERRY LEON LAURIC, were all actual and/or apparent agents, employees and/or officers of Defendant, UNITED STATES, and were all acting, at all relevant times, within the scope of said agency and employment.

3. On or about October 2, 2012, Plaintiff's decedent, JERRY LEON LAURIC, while a patient at Hines VA, underwent a revision of a previously placed right upper extremity arteriovenous fistula ("AVF") using the basilic vein for an interposition graft of the cephalic outflow vein, which had been performed for purposes of vascular access for hemodialysis.

4. On or about February 9, 2016, Plaintiff's decedent, JERRY LEON LAURIC, underwent an ultrasound of the aforesaid AVF at Hines VA which showed, among other things, evidence of elevated velocities and narrowing of the outflow vein suggestive of hemodynamically significant subclavian stenosis.

5. On or about March 4, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to Hines VA, for evaluation of bleeding following post-dialysis decannulation and aneurysmal degeneration within the AVF, at which time he was seen and treated by Dr. Alissa Hart and Dr. Pegge Halandras and other physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, and instructed he could continue to use the AVF for dialysis.

6. On or about March 18, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to the Emergency Department at Hines VA complaining of persistent bleeding at his AVF, at which time he was seen and treated by Dr. Brittany Hasty and Dr. Bernadette Aulivola, and other physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, a suture was placed at the dialysis access site, Plaintiff's decedent was instructed he could continue to use the AVF for dialysis, and he was discharged home.

7. On or about March 22, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to the Emergency Department at Hines VA, at which time he was seen and treated by Dr. Michelle Kallenborn, and other physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, for removal of the suture previously placed at the dialysis access site and he was subsequently discharged home.

8. On or about March 25, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to the Emergency Department at Hines VA complaining of persistent bleeding at his AVF, at which time he was seen and treated by Dr. Alissa Hart and Dr. Paul Crisostomo, and other physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, a suture was placed at the dialysis access site, Plaintiff's decedent was instructed he could continue to use the AVF for dialysis, and he was discharged home.

9. On or about April 3, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to the Emergency Department at Hines VA for persistent bleeding at his AVF site, he was seen and treated by Dr. Maurico Perez Martinez and Dr. Bernadette Aulivola, and other physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA, at which time sutures were placed at the dialysis access site, it was recommended Plaintiff's decedent be scheduled for a fistulogram and possible AVF revision, and he was subsequently discharged.

10. On or about April 6, 2016, Plaintiff's decedent, JERRY LEON LAURIC, presented to Hines VA for pre-operative evaluation in anticipation of a fistulogram and possible AVF revision procedure scheduled for April 12, 2016, and was seen and treated by physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA.

11. At all relevant times herein, Dr. Pegge Halandras, Dr. Brittany Hasty, Dr. Bernadette Aulivola, Dr. Alissa Hart, Dr. Paul Crisostomo, Dr. Maurico Perez Martinez and Dr. Michelle Kallenborn, and all of the physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff at Hines VA who provided the aforesaid care and treatment to Plaintiff's Decedent, JERRY LEON LAURIC, were actual and/or apparent employees, agents and/or officers of Defendant, UNITED STATES.

12. At all relevant times herein, Dr. Pegge Halandras, Dr. Brittany Hasty, Dr. Bernadette Aulivola, Dr. Alissa Hart, Dr. Paul Crisostomo, Dr. Maurico Perez Martinez and Dr. Michelle Kallenborn, and all of the physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff at Hines VA who provided the aforesaid care and treatment to Plaintiff's Decedent, JERRY LEON LAURIC, were under the control of Defendant, UNITED STATES.

13. On April 8, 2016, Plaintiff's decedent, JERRY LEON LAURIC, died at home secondary to uncontrolled bleeding from his AVF.

14. At all relevant times herein, Defendant, UNITED STATES, through its employees and agents, including but not limited to, the physicians, physician assistants, residents, nurses and other medical and paramedical personnel and staff of Hines VA who provided professional medical care to Plaintiff's decedent referred to herein and throughout, owed Plaintiff's decedent, JERRY LEON LAURIC, a duty to provide reasonably safe and careful professional medical care and treatment in keeping with the standard of care as defined by Illinois law.

15. At all relevant times herein, Defendant, UNITED STATES, violated the standard of care and negligently provided professional medical care to Plaintiff's decedent, in one or more of the following ways:

    a. Failed to take appropriate cognizance of the urgent nature of the bleeding complication Plaintiff's decedent presented with on several occasions between February 9, 2016 and April 6, 2016;

    b. Failed to arrange for and perform urgent definitive repair and revision of Plaintiff's decedent's bleeding arteriovenous fistula, leading to his death on April 8, 2016, as a direct and proximate result of uncontrolled bleeding from the arteriovenous fistula.

16. As a direct and proximate result of one or more of the above-referenced negligent acts and/or omissions of the Defendant, UNITED STATES, Plaintiff's decedent, JERRY LEON LAURIC, died on April 8, 2016.

17. Plaintiff's decedent, JERRY LEON LAURIC, left surviving him as his heir and next-of-kin: Plaintiff, Jeffrey Joseph Lauric, his adult son, who has sustained damages of a personal and pecuniary nature, including but not limited to loss of society and grief, sorrow and

mental suffering, as a result of the wrongful death of Plaintiff's decedent.

18.  Plaintiff, JEFFREY JOSEPH LAURIC, is the duly appointed Independent Executor of the Estate of JERRY LEON LAURIC, Deceased, and brings this cause pursuant to the FTCA and the Illinois Wrongful Death Act (See Exhibit B).

WHEREFORE, Plaintiff, JEFFREY JOSEPH LAURIC, Executor of the Estate of JERRY LEON LAURIC, Deceased, demands judgment against Defendant, UNITED STATES OF AMERICA, in a sum of $10,000,000.00.



Brian Hurst

**Brian Hurst**
**Thomas F. Boleky**
**BEUTEL HURST BOLEKY LLC**
**Attorneys for Plaintiff**
**350 North LaSalle Drive, Suite 810**
**Chicago, Illinois 60654**
**(312) 346-6800**
bhurst@bhbtriallaw.com
tboleky@bhbtriallaw.com